IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-01580-WYD-BNB

CHARLOTTE,

Plaintiff,

v.

MADELIN NELSON, and
MICHAEL KEMPF,

Defendants.
_____

**AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the following motions (the "Motions"):

(1)  **Motion to Dismiss Civil Filing and for an Order Awarding Attorney's Fees to Michael Kempf** [Doc. #6, filed 9/13/06] ("Kempf Motion");

(2)  **Motion to Dismiss Civil Filing and for an Order Awarding Attorney's Fees to Madelin Nelson** [Doc. #10, filed 10/13/06] ("Nelson Motion"); and

(3)  **Motion to Strike Pursuant to Rule 12(f), Motion to Dismiss with Prejudice and Request for Protective Relief. . . .** [Doc. #23, filed 12/19/16] ("Motion to Strike").

For the following reasons, I respectfully RECOMMEND that the Motions be GRANTED IN PART and DENIED IN PART. I further RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The plaintiff is proceeding *pro se*, and  I must liberally construe her pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff commenced this action on August 10, 2006, by filing a paper entitled "Libel of Review - common law counterclaim in admiralty - Re: God-given unalienable rights in the original estate - Article III; Constitution" (the "Complaint").

On August 15, 2006, the district judge issued an Order of Reference to Magistrate Judge [Doc. #2]. On August 21, 2006, I issued a Minute Order directing the plaintiff to file proof of service with the Court on or before December 10, 2006 [Doc. #3]. Copies of both Orders were mailed to the plaintiff at her address of record.

On August 21, 2006, the plaintiff filed a letter addressed to the Clerk of the Court which states:

> Please file this refusal for cause in the case jacket of Article III case 06-cv-01580-WYD. This is evidence if this presenter claims I have obligations to perform or makes false claims against me in the future. A copy of this instruction has been sent with the original refusal for cause back to the presenter in a timely fashion.
>
> Certificate of Mailing
>
> My signature below expresses that I have mailed a copy of the presentment, refused for cause with the original clerk instruction to the district court to Boyd N. Boland, and the original presentment refused for cause in red ink and a copy of this clerk instruction has been mailed certified mail as indicated back to the presenter within a few days of presentment.

Attached to the letter are the Order of Reference to Magistrate Judge and the envelope in which it was mailed to the plaintiff. Stamped across the envelope and across each page of the Order are the words "Refusal For Cause."

The plaintiff filed an identical letter on August 28, 2006 [Doc. #5]. To this letter, she attached the Minute Order and the envelope in which it was mailed to the plaintiff. Stamped across the envelope and across the Minute Order are the words "Refusal For Cause."

The plaintiff has returned all of the defendants' subsequent filings and all of the Court's subsequent orders in the same manner. She did not file a response, as ordered, to Kempf's and Nelson's motions to dismiss.[1]

The defendants seek dismissal of this case with prejudice, "protective" relief in the form of filing restrictions against the plaintiff, and attorney's fees.[2] In addition, they seek "issuance of an order compelling a mental examination and consideration of whether a conservator should be appointed for [the plaintiff] in order to safeguard her health needs and to take necessary precautions including medical treatment if necessary in order to avoid Charlotte hurting herself or others." *Kempf Motion*, ¶ 10.[3]

The Complaint largely is incomprehensible, but the plaintiff appears to be asserting matters involving property rights. Importantly, the plaintiff does not provide any intelligible basis for this Court's jurisdiction.

> Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. The party invoking the jurisdiction of the court has the

---

[1] I did not order the plaintiff to respond to the defendants' Motion to Strike.

[2] Although the defendants' most recent filing is entitled in part as a Motion to Strike, the defendants do not specify exactly what they seek to strike.

[3] Nelson's Motion to Dismiss incorporates by reference and seeks the same relief as Kempf's Motion to Dismiss. *Nelson's Motion*, ¶1.

3

> duty to establish that federal jurisdiction does exist, but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. Thus, the party invoking the federal court's jurisdiction bears the burden of proof.
>
> If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (internal quotations and citations omitted).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement upon which the court's jurisdiction depends." Although the Complaint contains a section entitled "Jurisdiction," this section provides only irrelevant and random statements. For example:

"In international law and according to the law of the land, agents of a foreign principal are required to file any pretended claim in the appropriate district court prior to exercising rights to that claim. The district courts have 'exclusive original cognizance' of all inland seizures and this includes vessels in rem (Rule C93)) such as trust organizations and legal names . . ."

"This fact of protocol - filing a claim in district court according to international law - is beyond dispute and extends into antiquity: 'Meanwhile those who seized wreck ashore without a grant from the Crown did so at their peril.'"

"Madelin Nelson and Michael Kempf, acting as 'City METRO officer - 'Co-Personal Representative of the Estate' *city* of Washington, *District* of Columbia is agent of a foreign

4

principal, a 'foreign state' defined at Title 28 of the United States Codes § 1603[4], and Title 22 U.S.C. § 611[5] the **Division of enforcement** for the **Department of revenue** . . . ."

"The district court for the District of Colorado has acquired exclusive original cognizance of this counterclaim for the United States because this is a federal question - a Constitutional matter involving a woman on the land complaining about theft and kidnap - Title 18 U.S.C. §§ 661 and 1201[6] respectively and irregular extradition from the asylum state into the United States custody, treason - Constitution, Article III §3 and Title 18 U.S.C. § 2381[7] by an agent of foreign principal, creating diversity of citizenship - Title 28 U.S.C. §§ 1331 and 1333 respectively." *Complaint*, pp. 1-2 (emphasis in original).

Construing the Complaint liberally, as I must, I find no basis for jurisdiction over this case. Accordingly, I respectfully recommend that the Complaint be dismissed without prejudice. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-96 (1998) (stating that "[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) (stating that dismissal for lack of jurisdiction must be without prejudice).

The defendants request attorneys fees, but they do not provide any statutory or other basis for their request.  Nor do the defendants provide any authority for their request for a competency

---

[4]This section of the United States Code addresses the states' immunity to foreign jurisdiction.

[5]This section of the United States Code addresses registration of foreign propagandists.

[6]Section 661 addresses embezzlement and theft within special maritime and territorial jurisdiction.  Section 1201 addresses the crime of kidnapping.

[7]Section 2381 addresses treason against the United States.

exam of the plaintiff. Further, the defendants do not address the Court's jurisdiction and, therefore, do not provide any discussion or authority regarding the relief they request in light of the jurisdictional issue. Consequently, I decline to address these requests.

Finally, the defendants request an order prohibiting the plaintiff from filing any further actions against them unless certain specific conditions are met. *Kempf Motion*, ¶¶ 1-2.

A district court has the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). The exercise of this power must be limited to well-documented and extreme cases. Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981). The litigant's history must indicate that her filings are repetitive, malicious, frivolous or otherwise generally abusive. Id.; Tripati, 878 F.2d at 353. "Litigiousness alone will not support an injunction restricting filing activities." Tripati, 878 F.2d at 353.

> Some of the factors relevant in determining whether a litigant's future access to the courts should be restricted include: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

United States v. Kettler, 934 F.2d, 1991 WL 94457 at *6 (10th Cir. June 3, 1001).

The defendants attached to the Motion to Strike copies of two orders from the El Paso County District Court in Case No. 2003CV2675 where the state court granted the petitioners' request to remove spurious liens filed by the plaintiff, Charlotte Kempf, against several individuals

and entities, including Madeline Nelson.[8] The state court also found that the plaintiff was "engaged in a pattern of instituting frivolous and groundless and vexatious civil actions and recording spurious liens." Based on this finding, the state court imposed filing restrictions on the plaintiff. The state court did not describe the civil actions on which it based its finding regarding a pattern of abusive litigation.

Attached to Nelson's Motion is a copy of an order from Case No. 04-1432, a previous action filed by the plaintiff in this Court against Joshua Kempf. The order states:

> Based upon defendant's showing that plaintiff's filings against him in this Court have amounted to abusive and frivolous litigation, the Court hereby issues an injunction prohibiting plaintiff from commencing any further proceedings in this Court against Defendant Joshua M. Kempf absent prior Court approval.

The order imposes several filing restrictions on the plaintiff with regard to any future actions against Joshua Kempf. The defendants in this case seek the same restrictions to guard against any future actions against them.

The defendants do not include any evidence other than copies of orders from these two cases. Indeed, their request for injunctive relief is quite cursory. Without the support of affidavits or any other evidentiary support, counsel for the defendants states, "Charlotte has filed a number of baseless actions against Madelin Nelson and Michael Kempf in State and Federal Court. Charlotte has abused Court process and has used the various Court systems as tools to harass her brother and sister, Michael Kempf and Madelin Nelson." *Nelson Motion*, ¶ 2.

Nevertheless, in an attempt to thoroughly address this matter, I conducted a search on the Court's electronic filing system to determine if the plaintiff has filed other cases against defendants

---

[8] It does not appear from the face of the order that a spurious lien was filed against defendant Michael Kempf.

7

in this Court. In addition to this case and Case No. 04-1432 (discussed above), the plaintiff has initiated the following cases in this Court over the last seven years:

1.   Case No. 00-1400 against Edward Colt, Thomas Marrese, Patricia Kelly, Jeffrey Winemiller, Lily Frasch, Craig Ree, Catherine Reed, City of Colorado Springs, and Edward Colt;

2.   Case No. 20-1051 against City of Colorado Springs, Kofi Annan, and Joshua Kempf;

3.   Case No. 02-51;

4.   Case No. 04-97;

5.   Case No. 04-98; and

6.   Case No. 05-38.

The last four cases did not name any defendants or respondents, and they were abandoned after minimal filings by the plaintiff. Therefore, in addition to this case and Case No. 04-1432 against Joshua Kempf, the plaintiff has filed two actions against named defendants in this Court. One action was brought in 2000, the other in 2002. Neither of those actions named Michael Kempf or Madelin Nelson as defendants.

On the record before me, I can draw only the following conclusions: (1) the plaintiff has filed previous state actions against unspecified defendants and one spurious lien against Madelin Nelson, which resulted in the state court's imposition of filing restrictions; (2) the plaintiff has not filed any previous actions against Michael Kempf; (3) she has filed four cases in this Court against specific defendants over the last seven years, including this case; and (4) other than this case, none of the plaintiff's previous cases in this Court named Michael Kempf or Madelin Nelson as defendants. Although this information could possibly suffice to establish that the plaintiff is litigious, "[l]itigiousness alone will not support an injunction restricting filing activities." Tripati, 878 F.2d at 353.

I am unable to determine from this Court's docket sheets whether the plaintiff's previous cases in this Court were vexatious, harassing, or duplicative. I am also unable to determine the plaintiff's motive for filing these cases or if she had an objective good faith expectation of prevailing. Similarly, I am unable to determine from the state court's orders any details about the plaintiff's state cases.

It may be that additional evidence from the defendants could have established an abusive filing history. However, on the record before me, I cannot conclude that the plaintiff's previous cases were repetitive, malicious, or patently abusive. Accordingly, I recommend that the Motions be denied insofar as they seek injunctive relief in the form of filing restrictions against the plaintiff.

I respectfully RECOMMEND that the Motions be GRANTED IN PART and DENIED IN PART as follows:

GRANTED insofar as they seek dismissal of this action, and

DENIED in all other respects.

I further RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 10, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge